IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Plaintiff,               No. CIV S-04-0623 MCE DAD P

    vs.

J. STOCKER, et al.,

    Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint.

        As was the case with plaintiff's original complaint, the amended complaint is defective. It appears that plaintiff is claiming that he was misdiagnosed as having degenerative disc disease. However, he attaches medical records which actually confirm this diagnosis. In this regard, a radiologist report, dated May 11, 2001, concludes that there is "[e]vidence for degenerative disc disease at L5-S1." (Compl., Ex. 19.) On November 19, 2002, a MRI was taken and the radiology report also confirms, "Degenerative disc disease noted at the L5-S1 level, otherwise unremarkable." (Id., Ex. 1.) Based on responses to his administrative appeals, plaintiff has been treated with pain medication, received physical therapy, and was provided exercise and stretching instructions. (Id., Ex. 10.) It is not clear what treatment plaintiff seeks

1

and whether there is any evidence confirming that the treatment he seeks is required.  On October 29, 2003, a follow-up appointment was conducted by Dr. Morteza Farr at Hospital of Manteca.  (Id., Ex. 11.)  Dr. Farr noted that lumbar epidural injections might be beneficial but Dr. Farr indicated that he wanted to see plaintiff again after he had the opportunity to review the MRI that was done on November 19, 2002.  (Id.)  Plaintiff contends that he did not receive the injections, but fails to provide further details with respect to this aspect of his medical treatment.  It is not clear whether Dr. Farr continued to recommend lumbar epidural injections after the MRI was reviewed or whether other treatment was recommended and provided by the named defendants.

Plaintiff will be given a final opportunity to amend his complaint so as to state a cognizable claim.  Plaintiff is advised to refer to the court's August 24, 2004 order which provides the legal standards for a medical care claim.  Plaintiff is reminded that he must provide allegations that demonstrate that each named defendant was deliberately indifferent about plaintiff's medical condition.  Negligence or a difference of opinion between plaintiff and the defendants about the proper treatment for his condition fails to establish an Eighth Amendment violation.

On September 20, 2004, plaintiff filed a motion to include Jennie Wofford as a named defendant.  Plaintiff may include this defendant in his second amended complaint.  However, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Lastly, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that his

second amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files his second amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in his second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's September 20, 2004 motion to name a defendant is denied as moot.

4. The Clerk of the Court is directed to provide plaintiff with a copy of the court's § 1983 form complaint.

DATED: April 28, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brow623.amd