IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Plaintiff,                                No. CIV S-04-0623 MCE DAD P

    vs.

J. STOCKER, et al.,                       <u>ORDER AND</u>

    Defendants.                   <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's second amended complaint.

        The court issued two orders advising plaintiff about what information and allegations must be made in his complaint to state a cognizable claim.  In the court's August 24, 2004 order, the court determined that plaintiff was claiming that he received inadequate medical care for chronic disk disease and back pain, and that treatment was delayed or denied.  The complaint was dismissed and plaintiff was ordered to file an amended complaint.  Plaintiff was provided the legal standards for an Eighth Amendment medical care claim and advised to provide further allegations about how each defendant was involved and to clarify what treatment was denied or delayed.  Plaintiff filed an amended complaint which was also defective.  On April

1

28, 2005, the court dismissed the amended complaint and ordered plaintiff to file a second amended complaint. The court determined that plaintiff was claiming that he was misdiagnosed as having degenerative disc disease. However, the medical records and a radiology report, which were attached to the amended complaint, confirmed this diagnosis. The court also noted that the attached records indicate that plaintiff was provided pain medication, physical therapy, and exercise and stretching exercises. It was not clear to the court what treatment plaintiff claims he was denied. The court advised that if plaintiff was contending that he was not treated with lumbar epidural injections, as suggested by Dr. Farr with the Doctors Hospital of Manteca, plaintiff should provide further details because it was not clear whether Dr. Farr continued to recommend the injections after he had actually had the opportunity to review plaintiff's MRI.

Plaintiff's second amended complaint continues to be vague and conclusory as to defendants' involvement, and his Eighth Amendment claim is unsupported by his own exhibits. Plaintiff claims that he did not receive adequate treatment for his central broad-based bulge. In his statement of claim, plaintiff alleges that his condition was misdiagnosed by defendants as degenerative disc disease. (2nd Am. Compl., at 5, 10-11.) Plaintiff refers to the radiology report prepared by Dr. Porzio of Doctors Hospital of Manteca on November 19, 2002. (Id. at 10.) This MRI and a subsequent MRI were authorized by the facility's medical staff. Contrary to plaintiff's understanding, the 2002 report indicates both conditions. (Id., Ex. 4.) Dr. Porzio reported, "There is no significant disk bulges except at the L5-S1 level where there is a central broad-based bulge." (Id.) He also made the following conclusion: "Degenerative disk disease noted at the L5-S1 level, otherwise unremarkable." (Id.)

Next, plaintiff provides a chronology of the inmate grievances he submitted, including his appeals to the second and third levels of review. In his March 2003 grievance, plaintiff requested treatment for back pain, and complained that stretching exercises were too painful and physical therapy was available. (Id. at 5 and Ex. 1.) The grievance was partially granted and plaintiff was told that he would be scheduled for physical therapy. (Id., Ex. 1.) At

the second level of review, plaintiff was told that the 2002 MRI was reviewed and showed non-surgical findings and that treatment by medication, physical therapy and exercise was appropriate. (Id., Ex. 2.) On September 22, 2003, this decision was upheld at the director's level of review. (Id., Ex. 8.)

Before the director's level decision was issued, plaintiff submitted three more inmate grievances on July 21, 2003, August 12, 2003, and August 24, 2003. Those grievances also concern his back pain and request for treatment for the central broad-based bulge. (Id. at 6-7.) These inmate grievances were denied as duplicative. (Id.)

On October 29, 2003, plaintiff was seen at Doctors Hospital of Manteca for follow-up. Dr. Farr indicated that he did not have the 2002 MRI during the consultation, but noted, "I feel that the patient will benefit from a series of lumbar epidural injections in the meanwhile." (Id., Ex. 9.) Plaintiff contends that he never had the injections and that the injections were denied by the doctors at CSP-Sacramento. (Id. at 8.) Plaintiff refers to his exhibit which consists of five pages of medical records for the period October 29, 2003 to December 30, 2003; however, the court cannot find any notation denying the injections. (Id., Ex. 10.) In a medical record entry dated November 26, 2003, a physician writes, "f/u for pt who needs epidual [sic] steroids," and on December 30, 2003, the following entry is made: ". . . request for epideral [sic] steroids . . . [illegible] disc disease . . . [illegible]  f/u 1 [illegible]."[1] (Id., Ex. 10.) Plaintiff does not provide further allegations to clarify how any of the defendants denied the epidural injections.

On December 19, 2003, plaintiff submitted an inmate grievance requesting medical treatment; the appeal was denied by defendant Van Cor. (Id. at 9.) A review of the grievance, log number 04-00104, indicates that plaintiff complained about "shock therapy" he received on December 16, 2003, and that the treatment intensified the pain in his lower back and

---

[1] The doctor's signature is illegible.

right leg. (Id., Ex. 11.) Plaintiff requested that he be provided emergency treatment for the pain. (Id.) At the first level of appeal, the grievance was deemed not to meet the emergency criteria, and the appeal was denied. (Id., Ex. 12.) On June 29, 2004, the director's level appeal was denied by defendant Grannis, the chief of Inmate Appeals Branch. (Id., Ex. 13.) Defendant Grannis noted that plaintiff had undergone an electromyelogram, that his Motrin prescription was still in effect, and that the results of his May 20, 2004 MRI were pending review. (Id.)

On June 1, 2004, plaintiff submited an inmate grievance at the Correctional Training Facility where he was transferred on February 18, 2004 (log number 04-01934). (Id. at 9.) Plaintiff states that he continues to be in pain and is not receiving treatment. (Id., Ex. 14.) At the informal level of review, plaintiff is told that he has received treatment and that his May 20, 2004 MRI results have been requested. At the first level of review, defendant Dr. Friederichs writes, You are receiving appropriate pain meds. Neurosurgical consult was requested." (Id.) At the second level of review, the following response was provided:

> Review of your medical chart shows that you have and continue to be treated for the pain.
>
> On April 12, 2004 a MRI was approved and the MRI was completed on May 20, 2004.
>
> On May 25, 2004 CTF MTA staff saw you for your back pain.
>
> On June 24, 2004 Dr. Friederichs a CTF physician, evaluated you. Dr. Friederichs went over your MRI results and discussed your medication. You thought the other medication was making you sick and that Naprosyn 500 mg. would be ok. You were also given Tylenol 500 mg and Benadryl 500 mg. You were given back exercises and a neurosurgical consult was discussed.
>
> July 8, 2004 Dr. Friederichs interviewed you regarding your CDC 602. You stated that the CTF Medical Department was still pushing pills and they aren't helping your pain. You stated that the Benadryl does help you sleep at night but causes strange dreams. The option of a neurosurgical consult was discussed. You stated that you would be willing to consider surgery due to the duration of your symptoms (3 years).
>
> On July 12, 2004 the URC approved a neurosurgical consult.

> Dr. Kaczmir, a private physician, evaluated you on August 12, 2004. His recommendations were for hospitalization and surgery or to continue with pain management.
>
> You will be scheduled in the next 10 working days to discuss with Dr. Friederichs the recommendations of Dr. Kaczmir.
>
> Your request to be treated for the daily pain that you are in is partially granted as you have been seen and will continue to be seen for your pain.

(Id., Ex. 16.)

Plaintiff appealed for a director's level decision and contends that because the doctors continue to treat plaintiff for degenerative disc disease rather than his actual injury, plaintiff continues to be in pain. (Id. at 10.) The director's decision indicates that plaintiff underwent back surgery on October 27, 2004 and that as a "routine course of postoperative care a treating physician will manage the appellant's pain." (Id., Ex. 17.) In his final statement of claim, plaintiff alleges: "Due to (Defendants) [sic] failure to that plaintiff caused Plaintiff to undergo surgery, which has not helped in controling [sic] the pain, plaintiff back, and right leg pain has not been resolve [sic]." (Id. at 11.)

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A claim of constitutionally inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'" 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. In demonstrating the existence of a serious medical need, a prisoner satisfies the

objective requirement for proving an Eighth Amendment violation.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Next, plaintiff must provide allegations to demonstrate that defendants responded to the serious medical need with deliberate indifference.  Proof that a defendant acted with deliberate indifference is required to satisfy the subjective prong of the two-part test that is applicable to any Eighth Amendment claim.  Farmer, 511 U.S. at 834.

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.  However, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference.  See Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060 (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990) and Hudson v. McMillian, 503 U.S. 1, 5-9 (1992)).  A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference;

however, it does not end the inquiry. McGuckin, 974 F.2d at 1060.  In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established "deliberate indifference on the part of the defendant." Id. at 1061.

Upon review of plaintiff's exhibits, which provide substantial information about the medical care that was provided for his chronic back pain, the court concludes that plaintiff has failed to demonstrate that defendants were deliberately indifferent about his medical needs. Plaintiff was seen numerous times at the medical clinic and initially nonsurgical options were attempted, including pain medication, physical therapy and stretching exercises.  As plaintiff continued to be seen for his complaints about back and leg pain, his medications were modified, tests were ordered, and follow-up appointments were conducted.  Although a non-treating physician with Doctors Hospital of Manteca suggested epidural injections on October 29, 2003, plaintiff's allegation that defendants deliberately rejected this procedure to cause plaintiff pain, is not supported by the record.  On October 29, 2003, a facility doctor[2] prescribed pain medication and requested the report from Doctors Hospital "ASAP."  (2nd Am. Compl., Ex. 10.)  On October 31, 2003, more medication is prescribed and Dr. Friend is scheduled to do a electromyelogram.  (Id.)  On November 26, 2003, plaintiff is approved by medical staff for a lower bunk, prescribed medications and scheduled for a follow-up appointment.  (Id.)  On December 18, 2003, plaintiff is seen by defendant Dr. Hooper who reviews the results of the electromyelogram, and orders laboratory tests and pain medications.  (Id., Ex. 13.)  In addition to these appointments, on May 20, 2004, a second MRI is done, and following a neurosurgical consult, plaintiff discusses with a physician his options to undergo surgery or to continue pain management.  (Id., Ex.s 13 & 16.)  On October 27, 2004, plaintiff has back surgery.  (Id., Ex. 17.) Plaintiff's allegations that his condition was misdiagnosed and that the treatment was ineffective,

---

[2] The signature of the physician is not legible.

demonstrate a difference of opinion between plaintiff and prison medical staff. Such allegations do not give rise to a § 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, the court finds that plaintiff fails to provide sufficient allegations as to the involvement of each defendant. Some of the defendants are named merely because of their participation in the inmate grievance process, although they were not involved in plaintiff's medical care. Other defendants may be treating physicians; however, plaintiff fails to provide allegations to demonstrate that they were deliberately indifferent about his medical care. Plaintiff has had several opportunities to amend his complaint and to provide the court with allegations to state his Eighth Amendment claim. Plaintiff's second amended complaint remains defective, and the court finds that further leave to amend will not cure the defects.

On April 19, 2006, plaintiff requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's April 19, 2006 motion for the appointment of counsel is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint, filed on May 19, 2005, be dismissed; and

2. This action be dismissed for failure to state a cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brown623.56